IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SHAWNELLIAS BURGESS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:11-cv-00927 |
| v. | ) | Judge Trauger/Brown |
| | ) | **Jury Demand** |
| AFFILIATED COMPUTER SERVICES, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

To: The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

Presently pending before the Magistrate Judge are Defendant's Motion to Dismiss (Docket Entry 14) and Plaintiff's Motion to Amend (Docket Entry 16), which was intended by Plaintiff as a response to the Motion to Dismiss. Defendant has also filed a Response to the Motion to Amend, and Plaintiff has filed a Reply. (Docket Entries 19, 20). Defendant filed a Surreply to Plaintiff's Reply, and Plaintiff filed a subsequent Reply. (Docket Entries 25, 26). The issues underlying the Motion to Dismiss have been thoroughly briefed, and the Magistrate Judge has reviewed the pleadings and exhibits. For the reasons set forth below, the Magistrate Judge **RECOMMENDS** Plaintiff's Motion to Amend be **GRANTED** and Defendant's Motion to Dismiss be **DENIED**.

I. INTRODUCTION AND BACKGROUND

Plaintiff filed this case in the Metropolitan General Sessions Court for Davidson County, Tennessee. (Docket Entry 1). Defendant then removed the case to federal court. *Id.*[1] In his Amended Complaint, filed on October 13, 2011, Plaintiff claims Defendant violated the Fair

---

[1] The Magistrate Judge remains perplexed that defendants in these lawsuits continue to remove their cases to federal court when a general sessions court would likely provide a less costly and quicker result.

Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2 by failing to accurate report and investigate Plaintiff's balance to credit reporting bureaus. (Docket Entry 10). The following fact summary is based on the allegations in Plaintiff's Amended Complaint (Docket Entry 10).

Plaintiff's student loans accounts were transferred to Defendant on April 22, 2010. Plaintiff questioned whether payments were applied incorrectly to principal and interest and whether payments were posted upon receipt. Plaintiff contacted the Federal Student Aid Ombudsman to correct payments posted on the wrong dates. Plaintiff believes payments were posted on the wrong dates after the Ombudsman's office closed its file. These payments are Plaintiff's July, August, and September 2011 payments. Defendant responded to Plaintiff's inquiries with a statement that payments are effective the date the payment is received and not when applied. Plaintiff also believes Defendant miscalculated Plaintiff's payments of principal and interest, and he explained his objection in a letter. Plaintiff filed a dispute with Equifax, a credit reporting agency, and the investigation indicated Defendant was reporting Plaintiff's balance correctly.

On October 27, 2011, Defendant filed the pending Motion to Dismiss. (Docket Entry 14). Plaintiff then filed a Motion to Amend Complaint (Docket Entry 16), which is intended to serve as a Response to the Motion to Dismiss. The parties have filed several responsive pleadings. (Docket Entries 19, 20, 25, 26).

## II. LEGAL DISCUSSION

The two motions pending before the Magistrate Judge involve common questions of law. The undersigned will first address the Motion to Dismiss, as it is dispositive. Because the Magistrate Judge recommends denial of that Motion, Plaintiff's Motion to Amend has also been considered.

**A. Defendant's Motion to Dismiss**

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, a district court must view the complaint in the light most favorable to the plaintiff and take all well-pleaded factual allegations as true, as the moving party has the burden of proving that no claim exists. *Erickson v. Pardus*, 550 U.S. 89 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, although a complaint is to be liberally construed, the District Court need not accept a "bare assertion or legal conclusions." *Id. See also Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). In other words, a court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). When viewing the complaint under the above standards, to survive a motion to dismiss, a complaint must contain (1) "enough facts to state a claim to relief that is plausible," (2) more than "a formulaic recitation of a cause of action's elements," and (3) allegations that suggest a "right to relief above a speculative level." *Twombly*, 550 U.S. at 555-56.

Defendant argues that Plaintiff has alleged a claim under FCRA Section 1681s-2(a), which does not provide a private right of action, and that Plaintiff has failed to state a claim under FCRA Section 1681s-2(b) because Defendant has complied with Section 1681s-2(b).[2]

---

[2] Plaintiff's Amended Complaint notably purports to allege a claim under Section 1681s-2 and does not specify on which subsection(s) he may be basing his claim. (Docket Entry 10).

Defendant cites to previous FCRA cases filed by Plaintiff. (Docket Entry 14-2, 14-3).[3] In particular, Defendant relies on Judge Haynes's summary judgment opinion in *Burgess v. Capital One Bank (USA), N.A.*, 2010 WL 1752028 (M.D. Tenn. Apr. 30, 2010).

In *Capital One*, Judge Haynes cited several cases for the well-established proposition that there is no private right of action under Section 1681s-2(a). *See id*. at *1. *See also Huertas v. Galaxy Asset Mgmt*., 641 F.3d 28, 34 (3d Cir. 2011). Therefore, the Magistrate Judge believes that, to the extent Plaintiff has alleged a claim under Section 1681s-2(a), that claim should be dismissed. However, in his Second Amended Complaint, Plaintiff has clarified that he is not asserting a claim under this subsection, and therefore this issue is moot because the Magistrate Judge is allowing the amendment.

With regard to Plaintiff's claim under Section 1681s-2(b), Defendant argues that it has complied with the provisions of that section. Moreover, Defendant asserts that Plaintiff's real claim is not that Defendant failed to conduct an investigation, a violation of Section 1681s-2(b), but rather that Defendant provided erroneous information to a credit bureau in violation of 1681s-2(a), for which there is no private right of action. In his Motion to Amend, considered as a Response, Plaintiff argues that Section 1681s-2(b) has a reasonableness requirement, and Defendant has failed to conduct a reasonable investigation into his inquiry. (Docket Entry 16).

While the Sixth Circuit has apparently not published a decision on this issue, a number of courts have held that Section 1681s-2(b) requires a reasonable investigation. *See*, *e.g.*, *Boggio v. USAA Fed. Sav. Bank*, 2011 WL 3876525, *4 (S.D. Ohio Sept. 2, 2011) (citing cases for the

---

[3] It is somewhat disingenuous for Defendant to note that Plaintiff has litigated eleven similar cases in federal court, as Defendant removed the current case from state court.

proposition that the investigation in Section 1681s-2(b) must be a reasonable one). Taking Plaintiff's allegations as true, he has stated a claim under Section 1681s-2(b).

Section 1681s-2(b) generally requires Defendant, upon notice from a consumer reporting agency, to conduct an investigation and report the results of the investigation to the consumer reporting agency. 15 U.S.C. § 1681s-2(b). In his Amended Complaint, Plaintiff alleges that he filed a dispute with Equifax on July 18, 2011. (Docket Entry 10). Plaintiff claims that Defendant failed to investigate his dispute. *Id*. While Plaintiff did not specifically allege that Defendant's investigation was unreasonable, the Magistrate Judge believes it is clear Plaintiff was dissatisfied with the scope of Defendant's investigation. Plaintiff has therefore met the minimum standard to avoid dismissal under Fed. R. Civ. P. 12(b)(6).[4]

**B. Plaintiff's Motion to Amend**

Plaintiff's Motion to Amend, which is also his Response to Defendant's Motion to Dismiss, primarily makes clear that his claim arises solely under Section 1681s-2(b). (Docket Entry 16). As Plaintiff has amended his Complaint once, the Magistrate Judge must consider whether to grant his Motion to Amend. Fed. R. Civ. Pro. 15(a)(2). Under Rule 15(a)(2), the court's leave should be freely given "when justice so requires." *Id.* Leave to amend "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th

---

[4] Plaintiff is cautioned, however, that this is a claim regarding the reasonableness of the investigation, not the accuracy of the data Defendant reported to Equifax. Defendant raises a fair point that Plaintiff's core complaint is that Defendant reported incorrect information regarding his account. That is a Section 1681s-2(a) claim, for which there is no private right of action. While the Magistrate Judge believes Plaintiff's claims are sufficient for the purposes of Fed. R. Civ. P. 12(b)(6), they may not survive a motion for summary judgment at a later stage.

5

Cir. 1995). The primary purpose of Rule 15(a) "is to reinforce the principle that cases should be tried on their merits rather than on the technicalities of pleadings." *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)).

Defendant opposes Plaintiff's Motion to Amend because the amendment would be futile. Defendant bases this argument on the same premise underlying its Motion to Dismiss, namely that Plaintiff has failed to state a claim under Section 1681s-2(b). For the reasons set forth above, the Magistrate Judge believes Plaintiff has, in fact, stated a claim under Section 1681s-2(b). As Plaintiff's proposed Second Amended Complaint simply clarifies that his claim is based on Section 1681s-2(b), the Magistrate Judge sees no reason to disallow amendment and believes Plaintiff's Motion to Amend should be **GRANTED**.

### III.  CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** Plaintiff's Motion to Amend be **GRANTED** and Defendant's Motion to Dismiss be **DENIED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of

further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 13th day of January, 2012.

/S/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge